IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| Plaintiff, : | |
| v. : | Criminal Action No. 07-56-GMS |
| OMAR BROWN, : | |
| Defendant. : | |

DEFENDANT BROWN'S MEMORANDUM OF LAW -
APPLICATION OF U.S.S.G. SECTION 6A1.3(a)

At the time of sentencing in this matter, the government intends to offer proof to support a 4-level enhancement under U.S.S.G. § 2K2.1(b)(6) (possession of a firearm in connection with another felony offense). It is alleged by the government that Mr. Brown committed an assault and robbery with the firearm he possessed. By letter dated January 7, 2008[1], the government disclosed to defense counsel that the victim's name of the alleged robbery and assault is "Rasheed Pernell," and that the government "does not intend to call this individual at the sentencing hearing" (see attachment "A"). Defense counsel believes that the law enforcement officers interviewed Mr. Pernell, and that the government intends to introduce evidence regarding this interview in support of the government's request for a 4-level

---

[1] The letter was received by Defense Counsel in the late afternoon on January 7, 2008.

enhancement under U.S.S.G. § 2K2.1(b)(6). The purpose of this memorandum is to discuss the legal standard applied when the government seeks a guideline enhancement based upon hearsay evidence.

A guideline enhancement may rest upon hearsay only if the information produced by the government "has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a). Our court of appeals has emphasized the importance of rigorously applying this standard. <u>United States v. Miele</u>, 989 F.2d 659, 664 (3d Cir. 1993) (sentence vacated and case remanded where evidence did not meet "indicia of reliability" standard; panel states that "[w]e think this standard should be applied rigorously"). Consistent with the Third Circuit's decision in <u>Miele</u>, the reliability of the government's hearsay declarant will be a subject of cross-examination and argument at sentencing.

/s/
Eleni Kousoulis, Esq.
Assistant Federal Public Defender
704 King St., Suite 110
Wilmington, Delaware 19801
(302) 573-6010
ecf_de@msn.com
Attorney for Defendant Omar Brown

Date: January 8, 2008

# ATTACHMENT "A"



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

The Nemours Building
1007 N. Orange Street, Suite 700
P.O. Box 2046
Wilmington, Delaware 19899-2046

(302) 573-6277
FAX (302) 573-6220

January 07, 2008

Eleni Kousoulis, Esquire
Assistant Federal Public Defender
Federal Public Defender, District of Delaware
704 King Street, Suite 110
Wilmington, DE 19801

**Re: United States v. Omar Brown Criminal Action No. 07-56-GMS**

Dear Ms. Kousoulis:

Regarding your earlier discovery request, as noted by Assistant U.S. Attorney Robert J. Prettyman in his letter dated January 3, 2008, the Government previously provided you with copies of the redacted police reports relating to the robbery and the assault. You were also provided with with criminal information related to the individuals involved in the incident.

As supplemental discovery, I am disclosing that the victim's name is Rasheed Pernell. Although the Government is enclosing the name of the victim, it does not intend to call this individual at the sentencing hearing. The government intends to limit any witnesses to law enforcement personnel.

Very truly yours,

COLM F. CONNOLLY
United States Attorney

By: _____
Shawn E. Martynak
Special Assistant United States Attorney